IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE MCGINNIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | No. 5:11-CV-284 (CAR) |
| AMERICAN HOME MORTGAGE : | |
| SERVICING INC., : | |
| : | |
| Defendant. : | |
| _____ : | |

### ORDER ON DEFENDANT'S MOTION TO OPEN DEFAULT JUDGMENT

Before the Court is Defendant American Home Mortgage Servicing Inc.'s ("AHMSI") Motion to Open Default Judgment [Doc. 9]. After entry of default was entered by the Clerk, this Court granted in part Plaintiff's motion for default judgment on February 9, 2012, but reserved final judgment until a jury trial to award damages. [Doc. 7]. Specifically, the Court granted default judgment with respect to the following claims: wrongful foreclosure, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601 et seq., defamation, intentional infliction of emotional distress, tortious interference with property rights due to wrongful foreclosure,

1

punitive damages, and attorneys' fees.  On February 21, 2012, AHMSI filed the instant Motion to open default.

In the Eleventh Circuit there is a strong policy of determining cases on their merits, and judgments by default are viewed with disfavor.  <u>In re Worldwide Web Sys., Inc.</u>, 328 F.3d 1291, 1295 (11th Cir. 2003).  Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court may set aside an entry of default "for good cause shown."[1]  Fed. R. Civ. P. 55(c).  Good cause is determined on a case-by-case basis guided by several factors, including, "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  <u>Compania Interamericana Export-Import S.A. v. Compania Dominicana</u>, 88 F.3d 948, 951 (11th Cir. 1996).  These factors are "not talismanic," but are frequently used as guidelines.  <u>Id.</u> (citation and quotation omitted).

Here, the factors favor setting aside the default entered against AHMSI.  First, Ellis' affidavit establishes that human or computer error, or both, caused the summons and complaint to be incorrectly logged into AHMSI's system, thereby preventing a

---

[1] It is undisputed that the good cause standard applies to the instant Motion as the Court reserved entry on the ruling of the amount of damages.  <u>See</u> <u>Chudasma v. Mazda Motor Corp.</u>, 123 F.3d 1353, 1374 n.27 (11th Cir. 1997) ("There can be no 'judgment' without a determination of relief.  Thus, the document entitled 'default judgment' … is more properly termed simply a 'default.'").

member of its legal department to review and respond accordingly. Plaintiff responds that AHMSI's errant procedure, however, is inexcusable, and points to <u>Heaton v. Bonacker & Leigh</u>, 173 F.R.D. 533 (M.D. Ala. 1997) for the proposition that a failure in a corporate defendant's procedure does not necessarily provide good cause. However, in <u>Heaton</u>, the corporate defendant wasted a second chance to avoid default judgment after the court provided the corporate defendant with an order putting defendant "on notice that default judgment was imminent." <u>Id.</u> at 536.

Here, as the Court noted in its Order granting default judgment, "there is no showing that the Clerk's Entry of Default or the Motion for Default Judgment was served on AHMSI." [Doc. 7, p. 2]. The only notice given to AHMSI of a *potential* default judgment was Plaintiff's service of its motion for entry of default. Accordingly, AHMSI was unaware of the Clerks' Entry and of Plaintiff's motion for default judgment. Thus, while the Court finds AHMSI's procedural error to be negligent, such an error does not rise to the level of willful or culpable behavior.

Second, AHMSI's defense provides the "hint of a suggestion" of a meritorious defense. <u>Moldwood Corp. v. Stutts</u>, 410 F.2d 351 (5th Cir. 1969).[2] Defendant, asserting

---

[2] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit prior to October 1, 1981. <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

3

that Plaintiff's claims against AHMSI are contingent upon whether she was in default under the terms of the loan, contends that Plaintiff was in default.  Without considering the likelihood of success of this defense or the case on its merits, the Court finds that Defendant offers a meritorious defense.

Third, the Court also finds that Defendant acted promptly to cure the default.  The Court's Order was entered on February 9, 2012; Defendant filed the instant Motion eleven days later.  Accordingly, the Court concludes that Defendant acted promptly.

Notwithstanding, the Court does recognize that there would be at least some prejudice to Plaintiff as a result of this delay.  If the Court permitted AHMSI to defend this suit, Plaintiff would be required to begin prosecuting her claims against AHMSI ten months after she properly served Defendant.  This prejudice, however, certainly does not rise to the level of "disproportionate[ ] damage," that Plaintiff argues.  [Doc. 12, p. 11].  Moreover, the Court finds that this slight prejudice against Plaintiff is not enough to outweigh the above factors in favor of AHMSI.

Accordingly, the Court concludes that good cause exists to open the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure.  Defendant's Motion [Doc. 9] is **GRANTED**.  AHMSI is hereby **DIRECTED** to file its answer and defensive

4

pleadings, so that the case may proceed in the ordinary course of practice and procedure.

**SO ORDERED,** this 5th day of April, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH