IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JANE MCGINNIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | Case No. 5:11-CV-284 (CAR) |
| | ) | |
| AMERICAN HOME MORTGAGE SERVICING, INC., a foreign corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
AMENDED COMPLAINT**

COMES NOW Plaintiff, Jane McGinnis, and files her Motion For Leave to File Amended Complaint in the above-styled case pursuant to Fed. R. Civ. P. 15 (after responsive pleading has been served, party may amend the party's pleading by leave of court and leave shall be freely given when justice so requires). A copy of Plaintiff's proposed Amended Complaint with attachments is attached hereto as Exhibit 1.

**Legal Standard**

Under Rule 15(a)(2), a party may amend its Complaint only by leave of Court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 requires that leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), and that leave should be granted with "extreme liberality," *Eminence Capital, LLC v. Aspeon,* 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam), because cases should be decided on the merits, rather than on the pleadings or technicalities. *Schiavone v. Fortune,* 477 U.S. 21, 27 (1986). *See also Anastasio v. Internap Network Servs. Corp.,* C.A. No. 1:08-cv-3462, 2009 U.S. Dist. LEXIS 70949 (N.D. Ga. Aug. 12, 2009) ("the Supreme Court held that leave to amend a complaint should be 'freely

given' in the absence of 'undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [and] futility of amendment.'") (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962))." *Kuria v. Palisades Acquisition XVI, LLC,* 752 F. Supp. 2d 1293, 1296-1299 (N.D. Ga. 2010); *see also Amalgamated Bank v. Coca-Cola Co.,* 2006 U.S. Dist. LEXIS 73909 (N.D. Ga. Sept. 29, 2006) (same).  Accordingly, "Rule 15 contemplates granting a motion to amend, unless there exists a substantial reason to deny the motion."  *Nuco Invs., Inc. v. Hartford Fire Ins. Co.,* C.A. No. 1:02-cv-1622, 2005 U.S. Dist. LEXIS 47669 (N.D. Ga. July 1, 2005).

In their proposed Amended Complaint, Plaintiffs seek to (1) add a claim for defamation, (2) add a claim for Georgia RICO (3) amend their existing RESPA claim to add factual allegations concerning Plaintiffs' qualified written request ("QWR") and the Defendant's failure to properly service Plaintiffs' account according to the standard of care for loan servicers, and (4) amend their existing tortious interference with property rights claim to add factual allegations concerning the existence of a rental contract with a tenant living at Plaintiff's rental property at 172 Hilton Street, which was foreclosed upon, and the existence of rental contracts with tenants living at the six other rental properties at issue in this case, all of which were negatively affected by AHMSI's tortious conduct and caused Plaintiff loss of rental income.

Plaintiffs' motion to amend is made within the deadline for doing so set forth in the current scheduling order as August 5, 2012.

Plaintiff respectfully submits that there is no substantial reason to deny Plaintiff's timely motion to amend her Complaint.  There is no undue delay, bad faith, or dilatory motive present with regard to Plaintiff's motion to amend.  Nor is there repeated failure to cure deficiencies with prior amendments.  The present proposed amendment is for the purpose of asserting a claim for

defamation and Georgia RICO—both of which are based on factual allegations already included in Plaintiff's previous pleadings—and for the purpose of adding additional factual allegations concerning Plaintiff's claims.

Finally, there is no undue prejudice to Defendant in allowing the proposed amendment. Dispositive motions have not yet been filed, discovery is ongoing in the case, no depositions have yet been taken, and the proposed claim for defamation and Georgia RICO are related to the existing claims concerning AHMSI's handling of Plaintiff's account and Plaintiff's payments.

Accordingly, Plaintiff respectfully requests the Court's leave to amend her Complaint as set forth above and in the attached proposed Amended Complaint.

This 3rd day of August, 2012.

                    CHARLES A. GOWER, P.C.

                    /s/ *Charles A. Gower*
                    CHARLES A. GOWER
                    Georgia Bar No. 303500
                    TERESA T. ABELL
                    Georgia Bar No. 000383
                    MIRANDA J. BRASH
                    Georgia Bar No. 475203

1425 Wynnton Road
P. O. Box 5509
Columbus, GA  31906
(706)324-5685

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that I have this date electronically filed "Plaintiff's Motion for Leave to File Amended Complaint" with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Russell J. Rogers<br>
Cristine L. Patterson<br>
Thompson Hine LLP<br>
Two Alliance Center<br>
3560 Lenox Road, Suite 1600<br>
Atlanta, GA 30326

This 3rd day of August, 2012.

<u>s/ Charles A. Gower</u><br>
CHARLES A. GOWER<br>
Georgia Bar No. 303500

1425 Wynnton Road  
P.O. Box 5509  
Columbus, Georgia 31906  
(706) 324-5685