IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JANE MCGINNIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:11-CV-284 (CAR) |
| AMERICAN HOME MORTGAGE | : | |
| SERVICING INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant Homeward Residential, Inc.'s (f/k/a American Home Mortgage Servicing, Inc.) Motions in Limine [Docs. 64, 65, 66, 67, 68, & 69].

## BACKGROUND[1]

Plaintiff Jane McGinnis entered into a loan with Taylor, Bean, & Whitaker ("TB&W") for each of her seven investment properties in 2006.  Plaintiff was current on all of her loan payments to TB&W, and, in October of 2009, Defendant was assigned all seven of Plaintiff's loans.  After Defendant's assignment, Plaintiff made less than full payments and began receiving notices from Defendant that she was in default, despite having never received any monthly statements from Defendant nor any notice that her

---

[1] For an in-depth discussion of the background of this case, see this Court's Order on Defendant's motion for summary judgment [Doc. 62].

payment had increased.  In June of 2011, Defendant foreclosed on one of Plaintiff's properties, prompting Plaintiff to file the instant action in July of 2011.  In March of 2013, Plaintiff's six remaining loans, currently in default, were transferred to Ocwen Loan Servicing, LLC, as a result of the December 27, 2012 acquisition of Defendant by Ocwen.

In the order on summary judgment, the Court dismissed the following claims: violations of the Real Estate Settlement and Procedure Act ("RESPA"); wrongful foreclosure premised on Homeward's failure to respond to her communications; intentional interference with contractual relations claim; and Georgia RICO.  The Court did, however, find that a genuine issue of material fact existed as to Plaintiff's wrongful foreclosure claim premised on Defendant's increase of Plaintiff's monthly payment without notice, Defendant's retroactive increase of her monthly payment without notice, and Defendant ignoring Plaintiff's requests to correct her account.  The Court also permitted Plaintiff's conversion, intentional interference with property rights, intentional infliction of emotional distress, punitive damages, and attorney's fees claims to proceed to trial.

## MOTIONS IN LIMINE

Presently before the Court are Defendant's Motions in Limine, seeking, in large part, to exclude general pieces of evidence.  At the pretrial conference on July 25, 2013, the Court granted Defendant's Motion to exclude all evidence related to Plaintiff's

dismissed claims [Doc. 66], but limited its ruling to only the evidence that does not support one or more of Plaintiff's remaining claims.   The Court also granted Defendant's Motion to exclude all evidence of other lawsuits and claims not brought by Plaintiff against Defendant [Doc. 68].[2]   The Court denied Defendant's Motion to exclude Christopher Delbene's escrow analyses testimony [Doc. 65], but reserved ruling on how Delbene's testimony may be used at trial.   The Court also reserved ruling on Defendant's Motion to exclude evidence of Plaintiff's voluntarily dismissed RESPA claim [Doc. 64]; its Motion to exclude evidence of any communications between Plaintiff and Ocwen Servicing; and its Motion to bifurcate the trial as to punitive damages and attorney's fees [Doc. 69].

## I.   RESPA Claim

In its Motion, Defendant seeks to exclude all evidence relating to Plaintiff's voluntarily dismissed RESPA claim in which she alleged that Defendant did not take timely action to respond to Plaintiff's requests to correct errors relating to allocation of payments.   At the pretrial conference, Defendant pointed to Exhibit 26 of Plaintiff's proposed exhibits that support her voluntarily dismissed RESPA claim, namely her communications with Defendant about her prior "Qualified Written Requests" ("QWR") as to Defendant's accounting errors.   Certainly this evidence is relevant to

---

[2] This Motion was unopposed by Plaintiff.

Plaintiff's dismissed RESPA claims, and to the extent that such evidence is proffered in support of her dismissed claims, Defendant's Motion is **GRANTED**.

However, Exhibit 26 also could establish Defendant's awareness of its accounting errors.  Such evidence is relevant to her wrongful foreclosure claim premised on Homeward's failure to correct Plaintiff's account and her claims for attorney's fees and punitive damages.  The probative value of this evidence substantially outweighs the minimal prejudicial effect, and thus, Defendant's Motion is **DENIED**.

## II.    Rule 30(b)(6) Witness Testimony on Escrow Analyses

As noted, the Court previously denied Defendant's Motion to exclude Delbene's testimony.[3]  Presently at issue is the extent to which Delbene's testimony may be offered at trial, especially in light of Defendant's revelation that Delbene is no longer its corporate representative.

After considering the parties' filings and arguments at the pretrial conference, and, after thoroughly reviewing Delbene's testimony, the Court concludes that Plaintiff is permitted to use Delbene's deposition in its entirety.  Defendant not only produced Delbene as its Rule 30(b)(6) witness, but Delbene, under oath, also acknowledged that

---

[3] *See King v. Pratt & Whitney*, 191 F.R.D. 475 (S.D. Fla. 1995) (Rule 30(b)(6) does not limit what is asked of a designated witness at a deposition, but rather it "simply defines a corporation's obligations"); *accord Am. Gen. Life Ins. Co. v. Billard*, No. C10-1012, 2010 WL 4367052, at *4 (N.D. Iowa Oct. 28, 2010); *Philbrick v. Enom, Inc.*, 593 F. Supp. 2d 352, 363 (D. N. H. 2009); *Detoy v. City & Cnty. of San Francisco*, 196 F.R.D. 362, 366 (N.D. Cal. 2000); *Cabot Corp. v. Yamulla Enterprises, Inc.*, 194 F.R.D. 499 (M.D. Pa. 2000); *Overseas Private Inv. Corp. v. Mandelbaum*, 185 F.R.D. 67 (D. D.C. 1999); *Edison Corp. v. Town of Secaucus*, 17 N.J. Tax 178, 182 (1998).

he was the person most familiar with Plaintiff's case.[4]  Any prejudice to Defendant is substantially outweighed by the high probative value of Delbene's testimony.  Based on this record, the Court concludes that Defendant's Motion [Doc. 65] is **DENIED**.

### III.   Communications between Plaintiff and Ocwen

Next, Defendant seeks to exclude all testimony and evidence of Plaintiff's communications with Ocwen.  Defendant represents that Ocwen, a legally separate corporation, is Defendant's parent corporation by virtue of an acquisition on December 27, 2012.  According to Defendant, Ocwen and Defendant are two separate corporate entities and thus any communication between Ocwen and Plaintiff should be excluded under Rules 402 and 403 of the Federal Rules of Evidence.  Plaintiff contends that Defendant's tortious conduct, initiated in 2009, continues to this day by "its successor, Ocwen."[5]  Specifically, Plaintiff seeks to offer transcripts of recorded conversations with Ocwen to establish Defendant's liability and to establish Plaintiff's damages.  In support of her position, Plaintiff contends that Ocwen is Defendant's successor in liability or, in the alternative, that Defendant is Ocwen's agent.

As outlined by the Court at the pretrial conference, the evidence at issue has two components.  First, Ocwen's representations to Plaintiff about Defendant's conduct and accounting records could be considered by the jury as admissions of Defendant.

---

[4] Delbene Dep. 27-28.
[5] Pl.'s Resp. Br. at 2 [Doc. 71].

Second, the communications could be used to support Plaintiff's allegations of continuing suffering as a result of Defendant's conduct.

With respect to whether the communications are Defendant's admissions and thus are not hearsay,  Rule 801(d) of the Federal Rules of Evidence states:

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
> ...
>
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
>
> ...
>
> (D) was made by the party's agent or employee on a matter within the scope of that  relationship and while it existed.[6]

Importantly, Rule 801 also states that the statement "does not by itself establish the … existence or scope of the relationship under (D)."  Consequently, in order for Plaintiff to offer her communications with Ocwen as non-hearsay, Plaintiff must first lay a foundation that establishes the existence of an agency or successor in liability relationship between Defendant and Ocwen.  If, and to the extent Plaintiff attempts to establish some corporate relationship, the Court reserves ruling of this issue until that time.

Likewise, without this foundation, Plaintiff's communications with Ocwen offered to establish her continuing damages are inadmissible.  Importantly, Defendant

---

[6] Fed. R. Evid. 801(d).

is not the tortfeasor causing Plaintiff's injury, and to permit Plaintiff to proffer evidence of Ocwen's tortious conduct without any evidence of a corporate relationship to Defendant, would potentially hold Defendant liable for an unrelated tortfeasor's actions.  Certainly, the Court acknowledges the potentially viable claim against Ocwen for its own tortious conduct; however, without the proper foundation, such evidence is not admissible here against Defendant.

## IV.    Bifurcate Trial

In its final Motion at issue, Defendant seeks to bifurcate the trial so as to have punitive damages and attorney's fees in the second phase.[7]  Having considered the Motion and the statements of counsel at the pretrial conference, the Court concludes that the trial of this matter is to occur in two phases.  In the first phase, the parties will present evidence on the liability for compensatory damages and the propriety of punitive damages and attorney's fees.  In the second phase, if the jury finds that punitive damages and attorney's fees should be awarded, the parties will present evidence as to the amount of punitive damages and attorney's fees.  Consequently, Defendant's Motion to Bifurcate Trial [Doc. 69] is **GRANTED**.

## CONCLUSION

Based on the foregoing, Defendant's Motions to bifurcate the trial with respect to punitive damages and attorney's fees [Doc. 69] and to exclude other loan claims [Doc.

---

[7] At the pretrial conference, Defendant withdrew its request to bifurcate the issue of punitive damages.

7

68] are **GRANTED**.  Defendant's Motion to exclude all evidence of Plaintiff's dismissed claims [Docs. 66 & 64] is **GRANTED with the limitations outlined above**.  Defendant's Motion to exclude Delbene's escrow analyses testimony [Doc. 65] is **DENIED**. Defendant's Motion to exclude evidence of any communications between Plaintiff and Ocwen Servicing [Doc. 67] is **GRANTED in part**; however, with respect to her claims involving emotional damages, the Court reserves ruling on this issue for trial, if necessary.

      **SO ORDERED,** this 31st day of July, 2013.

                       S/  C. Ashley Royal
                       C. ASHLEY ROYAL
                       UNITED STATES DISTRICT JUDGE

LMH