IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JANE MCGINNIS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:11-CV-284 (CAR) |
| AMERICAN HOME MORTGAGE | : | |
| SERVICING INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER ON DEFENDANT'S MOTION FOR**
**JUDGMENT AS A MATTER OF LAW**

This matter comes before the Court on Defendant American Home Mortgage Servicing, Inc.'s Rule 50(a) Motion for Judgment as a Matter of Law as to Plaintiff's wrongful foreclosure, conversion, interference with property, and intentional infliction of emotional distress claims.  Having heard the parties' arguments on several occasions during trial, the Court reserved ruling on Defendant's Motion pending the jury's verdict.  The jury returned a verdict of liability for Plaintiff on all of her claims and awarded Plaintiff a total of $506,000.00 in compensatory damages and $3,000,000.00 in punitive damages.  Consequently, the Court now addresses Defendant's Motion.

Rule 50(a) provides that a court may grant judgment as a matter of law only "if a reasonable jury would not have a legally sufficient evidentiary basis to find for [the

1

nonmoving party]."[1]  In addressing a motion for judgment as a matter of law, the court must review all of the evidence in the record and draws all factual inferences in favor of the nonmoving party.[2]  The court is not permitted to make credibility determinations or weigh the evidence because both functions remain within the province of the jury.[3]  If substantial conflicting evidence exists in the record, the court shall not grant judgment as a matter of law.  However, the "non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing verdicts."[4]

Here, Defendant's Motion was fully argued and extensively discussed during trial.  Having considered the parties' arguments on the matter and having reviewed the evidence presented in this case, the Court concludes that there is substantial conflicting evidence in the record to create issues of fact regarding breach of duty and causation.[5]  Moreover, much of the pertinent testimony of Defendant's Rule 30(b)(6) witness and Plaintiff's son would require the Court to make an inappropriate credibility determination.

Most of the issues considered by the Court on summary judgment are the same issues raised in Defendant's Motion.  However, despite having had the benefit of

---

[1] Fed. R. Civ. P. 50(a).
[2] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192-93 (11th Cir. 2004).
[3] *Reeves*, 530 U.S. at 150; *Cleveland*, 369 F.3d at 1193.
[4] *Abel v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000); *see also Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997).
[5] When there is sufficient evidence of proximate causation, as is the case here, causation is a question to be resolved by a jury.  *McAuley v. Wills*, 251 Ga. 3, 12 (1983); *Hambrick v. Makuch*, 228 Ga. App. 1, 2 (1997).

additional evidence at trial, the Court remains steadfast in its summary judgment ruling.  The Court still finds that there are serious questions regarding Defendant's conduct and the manner in which it serviced Plaintiff's loans.[6]  It is also not reasonable to expect that a new trial would result in a different outcome.

Because the evidence presents a legally sufficient evidentiary basis for a reasonable jury to find that Defendant breached a duty owed to Plaintiff and that this breach ultimately caused Plaintiff's damages,[7] judgment as a matter of law is inappropriate.  Accordingly, Defendant's Motion for Judgment as a Matter of Law pursuant to Rule 50(a) is **DENIED**.

**SO ORDERED,** this 5th day of September, 2013.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH

---

[6] For instance, whether Defendant (or the prior servicer) performed an escrow analysis in October of 2009 is a question of fact.  There only evidence that the analysis was performed is Defendant's Rule 30(b)(6) *post hoc* rationalization that because Defendant increased Plaintiff's monthly payments, there must be an analysis.

[7] Because the determination of whether Defendant's foreclosure was wrongful is dispositive of Plaintiff's remaining claims, the Court need only address this aspect of Defendant's Motion.